IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID BRADLEY WILSON, #277 765, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO. 1:21-CV-101-WHA-CSC ) [WO] |
| JASON SMOAK, *et al.*, | ) ) |
| Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

*Pro se* Plaintiff David Bradley Wilson filed a complaint under 42 U.S.C. § 1983. Doc. 1. On February 4, 2021, the Court ordered defendants to file a special report and answer ("SRA"). Doc. 4.

On July 26, 2021, Plaintiff filed an amended complaint. *See* Docs. 37, 39. On September 3, 2021, Defendants filed an SRA. Doc. 40. Plaintiff filed a response to the SRA on September 27, 2021. Doc. 42. Subsequently, the Court granted Plaintiff an extension of time until March 21, 2022 to file a further response to the SRA. *See* Docs. 46, 48.

On May 3, 2022, the Court ordered Plaintiff to notify the Court of his current address by May 17, 2022. Doc. 49. The Court determined that Plaintiff was no longer in custody and, therefore, no longer located at the last service address he gave the Court. *Id.* at 1 & n.1. Further, the Court noted that it had cautioned Plaintiff in its February 4, 2021 order that the failure to inform the Court of any address change within ten days would result in dismissal of this action. *Id.* at 1. Likewise, the Court cautioned Plaintiff that the failure to

comply with the May 3, 2022 order would result in a recommendation that this case be dismissed. *Id.* at 1–2. To date, Plaintiff has not complied with the Court's order. Nor has he moved for an extension of time or otherwise attempted to justify his failure to do so.

Because of Plaintiff's failure to comply with the orders of the Court, the undersigned concludes this case should be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

Based on the foregoing, the undersigned Magistrate Judge RECOMMENDS this case be DISMISSED without prejudice.

It is ORDERED that **by June 8, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.  Frivolous, conclusive or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done, this 25th day of May, 2022.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE